[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this motion for summary judgment the sole issue is whether the work performed by the contractor constituted "construction of a new home" within the meaning of General Statute Section 20-419(4)(A) or whether it was in fact a "replacement, remodeling, alteration, . . . improvement or rehabilitation" as set forth in the statute.
The contractor has admitted in deposition (P. Cutrone at 43) that a very small portion of the former building remained after the work was finished. The contractor estimated that the finished product was 90% new and that the unremoved portion of the house had to remain for "zoning purposes". (P. Cutrone at 264-265). The parties agree that the architect considered the project an alteration when he prepared the plans and specifications. They also agree that the building permit and certificate of occupancy referred to it as a remodeling. CT Page 5107
The statute does not define any of the terms in question, thus, resort must be had to the ordinary usage of the terms. Johnson v. Manson, 196 Conn. 309, 316 (1985). The term "new" is defined in Webster's New International Dictionary, 2d Ed. at 646 (1958) as "having recently come into existence". "Replace" on the other hand means "to take or fill the place of something; to serve as a substitute for". Id. at 2112.
The affidavits, depositions and supporting documents clearly show that there is no genuine issue of material fact that the completed structure replaced 90% of the former structure. While it may be assumed that all of the materials were new and that the finished product looks new, the building is not new in the sense that no house was in existence in the same location prior to the work. Clearly, the final result of the contractor's efforts in fact replace or "fill the place of" the former dwelling. For this reason, the Home Improvement Act applies. Failure of the contractor to comply with its terms constitutes an insurmountable obstacle to its counterclaim and necessitates the granting of the plaintiff's motion for summary judgment.
MOTTOLESE, J.